UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES VARNER,

    Petitioner,

vs.

BLAINE LAFLER,

    Respondent.
_____/

Case No. 07-12427

HON. AVERN COHN

# MEMORANDUM AND ORDER
# DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
# AND
# DENYING A CERTIFICATE OF APPEALABILITY

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. James Varner, ("petitioner"), is a state inmate who is currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, where he is serving a sentence of ten to thirty years in prison for first-degree home invasion and being a fourth felony habitual offender, Mich. Comp. Laws §§ 750.110a(2); 769.12; six to thirty years in prison for assault with intent to commit a felony and being a fourth felony habitual offender, Mich. Comp. Laws §§ 750.87; 769.12; and two to fifteen years in prison for resisting and obstructing a police officer and being a fourth felony habitual offender, Mich. Comp. Laws §§ 750.81d(1); 769.12. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims lack merit, are non-cognizable, or are procedurally defaulted. For the reasons which follow, the petition will

be denied.

## II. Procedural History

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court.

Petitioner filed an appeal of right to the Michigan Court of Appeals, in which he raised the six claims he presents in his petition. The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Varner*, No. 261379 (Mich. Ct. App. Oct. 3, 2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied petitioner leave to appeal. *People v. Varner,* 477 Mich. 1006 (2007).

Petitioner has now filed an application for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I. There was insufficient evidence in this case to sustain the verdict. There was neither eyewitnesses nor physical evidence that defendant committed the home invasion.
>
> II. The Macomb Circuit Court lacked venue to try defendant on the charge of resisting and obstructing a police officer because the offense occurred in Wayne County.
>
> III. The trial court erred in denying defendant's motion to quash the information because there was insufficient evidence to justify binding defendant over on count 1 and 2.
>
> IV. Defendant is entitled to re-sentencing before a different judge because the court imposed its sentence pursuant to the sentencing guidelines which constitute an unconstitutional denial of defendant's right to jury trial and due process of law.
>
> V. The trial court reversibly erred and violated defendant's de process rights in denying defendant's request to charge the jury that the unexplained possession of recently stolen property is not enough to support a conviction for home invasion.

VI. Prosecutorial misconduct in closing argument deprived defendant of a fair trial constituting manifest injustice.

### III. Facts

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The evidence presented at trial and at the preliminary examination was generally the same. An intruder entered the victims' home and stole several personal items. One victim called the police one minute after the intruder left. The first police officer arrived at the victims' home within three minutes of the call to the police. That first officer stayed at the victims' house for about a minute to a minute and a half before leaving. Three to five minutes after leaving the victims' house, the police officer observed defendant walking southbound on Gratiot. Defendant started to run as soon as the police spotted him. Defendant was ultimately arrested and found to be in possession of numerous items taken from the victims' home.
>
> While the unexplained possession of recently stolen property, unaccompanied by other facts or circumstances indicating guilt, will not sustain a conviction for home invasion, there were other facts or circumstances indicating guilt in this case. Defendant was observed a block away from the victims' home prior to the home invasion and three or four blocks away shortly after the home invasion. The evidence also indicated that defendant's possession of the stolen property was in relatively close time to the home invasion. In total, only 8 to 10 ½ minutes passed after the intruder left before defendant was discovered with the victims' property. Additionally, evidence of defendant's flight upon being observed by the police is admissible to support an inference of "consciousness of guilt."

*Varner,* Slip. Op. at * 2-3.

### IV. Analysis

#### A. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## B. Claim I. - Sufficiency of the Evidence

Petitioner first claims that there was insufficient evidence to establish his identity as the person who entered into the victim's home. Respondent contends otherwise. The Court agrees with respondent.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir.

4

2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, in reviewing a state court's application of the *Jackson* standard, a federal habeas court is required to determine whether the state court's application of the law in reviewing a sufficiency of evidence claim was reasonable. *See Tucker v. Palmer,* 541 F. 3d 652, 666 (6th Cir. 2008); *cert. den.* 130 S. Ct.109 (2009)(citing 28 U.S.C. § 2254(d)(1)). A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). On a state prisoner's habeas petition challenging the insufficiency of the evidence, a federal district court must draw all available inferences and resolve all credibility issues in favor of the jury's verdict. *See Spalla v. Foltz,* 615 F. Supp. 224, 227 (E.D. Mich. 1985).

The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations omitted). In addition, the identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).

Michigan's first-degree home invasion statute, M.C.L.A. 750.110a(2), includes all of the elements of the burglary of a dwelling, but also requires that the defendant be

5

armed with a dangerous weapon and/or that the dwelling be occupied. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004)(citing *United States v. Garcia-Serrano,* 107 Fed. Appx. 495, 496-97 (6th Cir. 2004)).

"The elements of the crime of assault with intent to commit a felony are set forth in M.C.L. § 750.87; M.S.A. § 28.282." *See People v. Strand,* 213 Mich. App. 100, 102; (1995). The statute provides as follows:

> Any person who shall assault another, with intent to commit any burglary, or any other felony, the punishment of which assault is not otherwise in this act prescribed, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars.

Under Michigan law, possession of stolen property within a short time after it is alleged to have been stolen raises a presumption that the party in possession stole it. *See People v. Williams,* 368 Mich. 494, 501 (1962); *People v. Tutha,* 276 Mich. 387, 395 (1936); *See also People v. Fry,* 17 Mich. App. 229 (1969). Although Michigan law does indicate that the unexplained possession of property recently stolen, unaccompanied by other facts or circumstances indicating guilt, will not sustain a conviction for breaking and entering, *See People v. McDonald*, 13 Mich. App. 226, 23-37; 163 N.W. 2d 796 (1968)(*citing People v. McDonald*, 163 Mich. 552, 555 (1910)), a conviction for breaking and entering will be upheld if there are additional facts and circumstances which show that the perpetrator committed the breaking and entering. *Id.*

Here, there was sufficient evidence for a rational trier of fact to conclude that petitioner was the person who committed the home invasion and the assault inside of the home. In addition to petitioner's possession of the victims' stolen property, only

6

eight to ten and a half minutes elapsed between the time that the intruder exited the victims' home and petitioner's arrest. The relatively close time proximity of petitioner's possession of the stolen goods to when the home invasion and the assault took place would sustain petitioner's conviction for home invasion as well as the assault. *See People v. Hutton*, 50 Mich. App. 351, 359 (1973). Petitioner was also arrested only three to four blocks away from the victims' home. In addition, while not mentioned by the Michigan Court of Appeals in their decision, the police testified that when petitioner was arrested at 3:44 a.m., he was the only person on the street. (Tr. II, pp. 101, 117). This evidence would also permit a rational trier of fact to conclude that petitioner was the person who broke into the victims' home, because it would make it highly unlikely that petitioner discovered this stolen property or otherwise came into innocent possession of it on a deserted street in the early morning hours. *See People v. Stoneman,* 7 Mich. App. 65, 70 (1967)(defendant who was discovered by police in a fairly secluded area of town at 4:30 a.m. in possession of a safe stolen from a bar which had closed an hour earlier could be convicted of breaking and entering in the nighttime). Lastly, petitioner's attempt to flee from the police would support an inference that he committed the home invasion and the assault, because his flight was evidence of consciousness of guilt. *See Johnson v. Burke*, 903 F. 2d 1056, 1062 (6th Cir. 1990)(internal citations omitted). As such, petitioner is not entitled to habeas relief on his first claim.

### C. <u>Claim II. - Improper Venue</u>

Petitioner next claims that the Macomb County Circuit Court lacked venue to try his resisting and obstructing arrest charge, because this offense took place in Detroit,

7

Michigan, which is located in Wayne County.

It is well established that habeas review does not extend to questions of state law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The determination of whether a state court is vested with jurisdction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the trial court lacked venue and/or jurisdiction over his resisting and obstructing charge raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law). Accordingly, petitioner is not entitled to habeas relief on his second claim.

### D. Claim III. - Improper Bindover

Petitioner next claims that there was insufficient evidence presented at the preliminary examination to bind him over for trial and that the trial court erred in failing to grant his motion to quash the information.

With respect to the improper bindover claim, petitioner has failed to state a claim upon which habeas relief can be granted. A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*,
8

520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965). Petitioner's claim that there was insufficient evidence presented at his preliminary examination to bind him over for trial therefore raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See David v. Lavinge,* 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002). Likewise, petitioner's claim that the trial court erred in failing to quash the information does not warrant habeas relief. *See Scott v. Bock,* 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003). As such, petitioner is not entitled to habeas relief on this claim.

### E. Claim IV. - Sentencing Guidelines

Petitioner next claims that the trial court violated his Sixth Amendment rights by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner. Petitioner believes that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support his position.

Petitioner is mistaken. The holdings in *Apprendi* and *Blakely* do not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis,* 585 F. 3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley,* 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the

9

preponderance-of-the-evidence standard when finding facts related to sentencing).

Moreover, to the extent petitioner contends that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment, the Sixth Circuit has rejected this argument in *Chontos, supra* at 1002 ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi'*s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due process rights or his right to a jury trial. *Montes,* 599 F. 3d at 497. Petitioner is therefore not entitled to habeas relief on his *Blakely* claim. *Id.*

### F. Claim V. - Jury Instruction

Petitioner next claims that the trial court violated his right to due process by failing to give the jury petitioner's proposed instruction, which stated: "Unexplained possession of recently stolen property will not support a conviction for breaking and entering or home invasion."

In rejecting this claim, the Michigan Court of Appeals noted that petitioner's instruction failed to state that unexplained possession of recently stolen property may be evidence of a home invasion or that, accompanied by other facts and circumstances which indicate guilt, may sustain a conviction for home invasion. Because petitioner's proposed instruction was an incomplete statement of the relevant law, the Michigan Court of Appeals concluded that the trial court was not obligated to give the instruction

verbatim. *Varner,* Slip. Op. at * 4. The Michigan Court of Appeals further concluded that even if this instruction had been given, the outcome of the trial would have been the same, because there were ample facts and circumstances, in addition to petitioner's possession of the stolen property, which established petitioner's guilt. *Id.*

A federal court in a habeas corpus proceeding must do more than find a jury instruction in a state criminal trial was erroneous to grant habeas relief. *See Smith v. Anderson,* 505 F. Supp. 642, 644 (E.D. Mich. 1980). The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-55 (1977). A habeas petitioner's burden of showing prejudice is especially heavy when a petitioner claims that a jury instruction was incomplete, because an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *See Hardaway v. Withrow,* 305 F. 3d 558, 565 (6th Cir. 2002).

Here, the trial court's failure to give petitioner's proposed jury instruction did not violate petitioner's due process rights. First, the jury instruction did not accurately state the relevant law in Michigan regarding whether a defendant's possession of stolen property could establish the offense of home invasion. Secondly, the failure to give

11

such an instruction was harmless error, in light of the fact that the evidence was sufficient to establish that there were other facts and circumstances, other than petitioner's possession of the stolen property, to establish that he was the intruder in this case. *See People v. Benevides,* 71 Mich. App. 168, 174-75; 247 N.W.2d 341 (1976)(jury instruction, "that you may properly infer that one in possession of recently stolen property was the thief. But in order for possession to be grounds for such inference, it must be exclusively recent and involve a conscious assertion of property by the defendant," was not prejudicially erroneous, where sufficient additional facts and circumstances were presented to jury which justified finding the defendant guilty of breaking and entering). Petitioner is not entitled to habeas relief on this claim.

### G.  Claim V. - Prosecutorial Misconduct

In his final claim, petitioner says that he was deprived of a fair trial because of prosecutorial misconduct. Respondent contends that this claim is procedurally defaulted because petitioner failed to object to the misconduct at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error. *Varner,* Slip. Op. at * 5. The Court agrees with respondent.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). Procedural default precluding a state prisoner from seeking federal habeas relief may occur if the state prisoner files an untimely appeal, if he fails to present an issue to the state appellate court at his only opportunity to do so, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review.

*See Matson v. Michigan Parole Bd.,* 175 F. Supp. 2d 925, 927 (E.D. Mich. 2001)(internal citations omitted).  A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  In *Murray v. Carrier*, 477 U.S. 478, 488 (1986), the Supreme Court defined cause sufficient to excuse procedural default as "some objective factor external to the defense," which precludes a habeas petitioner's ability to pursue his claim in state court.

Here, the Michigan Court of Appeals clearly indicated that by failing to object to the prosecutor's closing arguments, petitioner had failed to preserve his claim.  The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's prosecutorial misconduct claim does not constitute a waiver of the state procedural default.  *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000).  Instead, the Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).  Petitioner's sixth claim is procedurally defaulted.

Petitioner has offered no reasons for the Court to excuse the default.  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue.  *Smith v. Murray*, 477 U.S. 527, 533 (1986). Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually

13

innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review his claim on the merits. Petitioner is not entitled to habeas relief on his final claim.

## V. Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is **DENIED.** This case is **DISMISSED**.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28

U.S.C. § 2253(c)(2). [1] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2010

I hereby certify that a copy of the foregoing document was mailed James Varner, #141024, Ionia Maxium Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846 and the attorneys of record on this date, September 16, 2010, by electronic and/or ordinary mail.

S/Shawntel Jackson
Relief Case Manager, (313) 234-5160

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.